Signed and Filed: October 17, 2014

THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CARLOS MIGUEL COLLAZO,<br><br><br><br>Debtor. | Case No. 12-30217 TC<br><br>Chapter 7 |
| BEVERLY N. MCFARLAND, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>GIBSON, DUNN & CRUTCHER, LLP,<br><br>Defendant. | Adv. Proc. No. 14-03079 |

**MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

On September 26, 2014, the court held a hearing on Defendant's motion to dismiss or for summary judgment (the Motion). Peter Bach-y-Rita appeared for Defendant. Richard A. Lapping appeared for Plaintiff. Upon due consideration, and for the reasons stated below, the Motion is denied.

Prior to the hearing, the court issued a tentative ruling indicating that the Motion should be denied. The court hereby

MEMORANDUM RE DEFENDANT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT    -1-

adopts that tentative ruling regarding the issues addressed therein.

At the hearing, Defendant raised an argument not addressed in the tentative ruling: that the money paid to Defendant was diverted from Mariner Systems or Utuzu, and that Plaintiff Trustee could not assert the rights of these separate entities.

Assuming arguendo that the Plaintiff cannot assert the rights of Mariner Systems or Utuzu, the Motion should still be denied. As noted in the tentative ruling, the fact that Debtor performed services for CarQualifier, and that money paid by CarQualifier was used for the benefit of Debtor, gives rise to an inference that Debtor received an interest in the funds in question. Any such interest received by Debtor belonged to the bankruptcy estate. The inference arising from these undisputed facts is sufficiently plausible to defeat Defendant's Rule 12(b)(6) motion and its motion for summary judgment.

**\*\*END OF MEMORANDUM\*\***